940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND
ORNAMENTAL IRON WORKERS, SHOPMEN'S DIVISION, LOCAL NO. 473,
James Wiora, James Campbell, William Kitzman, Jesse Roper,
Robert Thies and Larry Skoldager, Plaintiffs-Appellants,
v.
SR INDUSTRIES CORPORATION, an Illinois corporation, and SR
Industries Corporation Pension Plan, Defendants-Appellees.
 No. 90-1071.
 United States Court of Appeals, Seventh Circuit.
 Argued April 15, 1991.
Decided Aug. 9, 1991.
 
 Before BAUER, Chief Judge, and COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff iron workers alleged that SR Industries Corporation failed to make contributions to a pension trust as required by their collective bargaining agreement. They sued SR Industries under Sec. 301 of the Labor Management Relations Act (LMRA) and Sec. 502 of the Employee Retirement Income Securities Act (ERISA). The district court dismissed the action in its entirety pursuant to Fed.R.Civ.P. 12(c), and plaintiffs appealed after the district court denied their Fed.R.Civ.P. 60 motion to alter or amend. We affirm.
 
 I.
 
 2
 The International Association of Bridge, Structural and Ornamental Iron Workers, Shopmen's Division, Local 473 ("the Union") entered into a collective bargaining agreement on June 27, 1984 with SR Industries. Under the agreement, SR agreed to establish and maintain for the duration of the agreement a plan that provided a basic retirement benefit of either $22 or $24 per month per year of past or future service.
 
 
 3
 Following a series of disputes between SR and the Union regarding the payment of wages and fringe benefits to Local 473 employees under the agreement, the plaintiffs filed a three-count complaint in federal court on October 18, 1988. Paragraphs nine through thirteen of Count I, which were specifically incorporated into the other two counts, set forth the factual allegations upon which all of the counts were based (emphasis added):
 
 
 4
 (9) On or about June 27, 1984, SR entered into a collective bargaining agreement with Local 473 and has been bound to that agreement to date.
 
 
 5
 (10) Under the terms of that agreement, SR was, among other things, to recognize the plaintiff as the sole bargaining representative of employees performing work within Local 473's craft jurisdiction and to make periodic contributions on behalf of SR's employees, including the individual plaintiffs, to a pension trust fund established under the bargaining agreement. Copies of the pertinent provisions dealing with SR's contractual obligations to make pension contributions are attached as Exhibit A.
 
 
 6
 (11) Pursuant to the terms of its collective bargaining agreement, SR and the individual defendants established a pension plan trust and since 1985, SR and the individual defendants have admitted, acknowledged, and ratified the collective bargaining agreement entered into with the Local 473 by making some, but not all, of the periodic payments to the Funds as required by the collective bargaining agreement.
 
 
 7
 (12) Plaintiffs are advised and believe that since 1986, SR has failed to make some of the contributions from time to time required to be paid ?? to the pension fund pursuant to the terms of the collective bargaining agreements and trust agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.
 
 
 8
 (13) By virtue of SR's failure to make the pension plan contributions required under the collective bargaining agreement, Local 473 and the individual plaintiffs have been damaged in an amount not presently ascertainable but believed to be in excess of $90,000.
 
 
 9
 Count I sought monetary damages and injunctive relief based on SR's failure to make required pension contributions, as alleged in paragraph 12. Count II sought to hold the pension's trustees personally liable for the pension's failure to make the contributions. Count III was brought by the individual plaintiffs seeking declaratory and injunctive relief to clarify and enforce their individual rights to pension benefits.
 
 
 10
 In its answer, SR admitted that it entered into the collective bargaining agreement and that it was bound to maintain the pension plan for the duration of that agreement. However, SR argued as an affirmative defense that the agreement expired on April 30, 1986, so that the district court was without jurisdiction over plaintiffs' claim for contributions owed "since 1986."
 
 
 11
 After filing its answer, SR filed a motion to strike and for partial judgment on the pleadings. SR argued that the agreement had expired and also that the individual defendants could not be personally liable simply because they were owners, shareholders or officers of SR or fiduciaries of the pension plan.
 
 
 12
 The district court (Judge Kocoras) granted the motion in a thorough memorandum opinion released on September 22, 1989. The court ruled that the plaintiffs were collaterally estopped from contesting an earlier district court (Judge Getzendanner) determination in a separate case that the collective bargaining agreement expired on April 30, 1986. Thus the court concluded that it lacked jurisdiction over any claims for contributions owing "since 1986," relying on Laborers Health & Welfare Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539, 108 S.Ct. 830 (1988). The Supreme Court in Laborers Health held that federal courts lack jurisdiction over employer contributions allegedly owed following expiration of a collective bargaining agreement, and that such claims are within the exclusive jurisdiction of the National Labor Relations Board. The district court also dismissed the claims against the individual defendants.
 
 
 13
 On October 24, 1989, the district court entered an order dismissing the case in its entirety based on the September 22, 1989 opinion, and entered judgment for SR Industries. On November 2, 1989, plaintiffs filed a Rule 60 motion to alter or amend the judgment, arguing that the September 22, 1989 opinion did not dispose of all claims and that certain claims were still pending. On December 13, 1989, the district court denied the motion to alter or amend its decision, ruling that the entire complaint pertained only to contributions owing "since 1986" and that dismissal of the entire case was therefore appropriate.
 
 
 14
 Plaintiffs filed their notice of appeal on January 10, 1990. After the Supreme Court denied a petition for writ of certiorari in an appeal from our decision in Plumbers Pension Fund v. Niedrich, 891 F.2d 1297 (7th Cir.1989), which settled the issue of individual officers' liability under ERISA, the plaintiffs agreed to dismiss the appeal of their claims against the individual defendants. Thus the only issue on appeal is whether the district court properly dismissed plaintiffs' entire case.
 
 II.
 
 15
 Cutting through the formal allegations contained in plaintiffs' appeal, it is easy to see what actually happened in this case. SR maintained a pension plan until April of 1986, when it believed the collective bargaining agreement expired. The Union disagreed, so it sued SR based on SR's failure to make payments after April 1986. The plaintiffs' complaint, read in context, is only an attempt to secure payment of the contributions it believed SR continued to owe after April 1986. But unfortunately for plaintiffs, that exact issue was already litigated against the plaintiffs in a separate case involving the same parties.[1] Now we are engaged in resolving an appeal that is merely an attempt to salvage a complaint that, understood as it was intended to be understood, never properly fell within the jurisdiction of the district court.
 
 
 16
 On appeal, the plaintiffs break their argument into three interconnected issues: 1) whether the district court properly dismissed the ERISA claims of the individual plaintiffs (Count III); 2) whether the court properly dismissed their supposed claim for pension contributions accruing prior to April 30, 1986; and 3) whether the court properly dismissed their claim for contributions accruing after April 30, 1986.
 
 
 17
 Plaintiffs' argue that Count III, the claim made by individual plaintiffs, and a portion of the complaint requesting pre-April 30, 1986 contributions, was never dealt with by the district court. Of course, this argument was squarely rejected by the court in its denial of the Rule 60 motion. We agree with the district court that the complaint did not state a claim for contributions due prior to April 30, 1986, and therefore agree with the district court's decision to dismiss the entire claim.
 
 
 18
 In their Rule 60 motion, the plaintiffs relied on paragraph 11, which in setting out the context of the claim notes that SR was required "since 1985" to make pension contributions according to the agreement. This paragraph, they argued below, shows that they also sought to recover claims owed from 1985. The district court properly rejected that contention, concluding that paragraph 12 made clear "that the missing contributions referred to in paragraph 11 were those required 'since 1986'. Plaintiffs do not set forth pre-1986 missing contributions in the same manner.... This Court concludes that plaintiffs never intended to challenge the pre-1986 contribution activity of the defendants."
 
 
 19
 On appeal, plaintiffs seem to have mostly given up on the notion that they made a claim for pension contributions owed in 1985. Their last gasp attempt to avoid dismissal now turns on the position stressed at oral argument that they at least stated a claim for pension contributions allegedly owed between January 1, 1986 and April 30, 1986. We reject this further attempt to redraft the complaint on appeal. The district court was not asked to specifically address the issue of pension contributions allegedly owed from January 1 through April 30 of 1986 because no one thought the plaintiffs were making that particular claim. SR admits that it stopped making pension contributions after April 30, 1986, and we agree with the district court's determination that "since 1986" in the complaint was meant to refer to those missing contributions.[2] Plaintiffs' contention that Count III was not dealt with also lacks merit. Count III incorporated the previous paragraphs of the complaint, and is based on the same alleged nonpayment of pension contributions as the other counts. The district court correctly reached the conclusion that nothing was left of the complaint once it determined that only post-April 30, 1986 claims were involved in each count, and that those claims needed to be brought before the National Labor Relations Board.
 
 
 20
 Finally, the plaintiffs take issue with the district court's determination that it lacked jurisdiction over those post-April 30, 1986 contributions, and argue that SR was obligated to continue pension contributions even after expiration of the agreement.[3] Their brief, two-sentence attempt to distinguish Laborers Health is unpersuasive. Laborers Health involved a lawsuit pursuant to Sec. 502 of ERISA for benefits contributions, including pension contributions, allegedly owed following expiration of a collective bargaining agreement, while the parties were negotiating a new agreement. The Supreme Court ruled that the district court properly found that jurisdiction over claims for contributions following expiration of the agreement was exclusive with the National Labor Relations Board. 108 S.Ct. at 834-36. The district court's reliance on Laborers Health was appropriate.
 
 
 21
 Plaintiffs' argument that "an employer's obligation to provide pension benefits to retirees can continue beyond the expiration of the collective bargaining agreement" is true, but does not help plaintiffs' in this case. The cases they cite are easily distinguishable because the agreements in those cases specifically provided that the employer was obligated to continue making benefit contributions after the agreement expired. See, e.g., Keffer v. H.K. Porter Co., Inc., 872 F.2d 60, 63 (4th Cir.1989) (agreement provided that medical and life insurance benefit contributions would continue "notwithstanding the expiration of this Agreement."); United Steelworkers of America v. Connors Steel, 855 F.2d 1499, 1501 (11th Cir.1988), cert. denied, 109 S.Ct. 1568 (1989) (same). In this case, SR was obligated to make pension contributions only for "the duration of this Agreement ...". Once the agreement expired, SR was no longer obligated by the pension plan trust to make pension contributions.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 See SR Industries Corp. v. International Association of Bridge, Structural and Ornamental Ironworkers, Shopmen's Division, Local No. 473, No. 87 C 2370 (N.D.Ill., Sept. 24, 1987) (Getzendanner, J.) "On April 30, 1986, due to the parties' failure to negotiate a wage amendment to the collective bargaining agreement, the agreement expired, as provided for in Section 28 of the agreement." Memorandum opinion and order, at 2
 
 
 [2]
 At oral argument the Union's attorney admitted that, in hindsight, he should have drafted the complaint in a manner that more specifically set out the dates SR allegedly failed to make contributions as required by the agreement
 
 
 [3]
 Although in the final sentence of their brief plaintiffs state that they "do not concede that the collective bargaining agreement expired on April 30, 1986," they raise no challenge to the district court's determination that they are collaterally estopped from asserting otherwise. Therefore, for the purposes of this appeal, we must assume that the contract did expire on April 30, 1986